Hamid Michael Hejazi,
General Delivery
50 W 5th Avenue
Eugene, OR 97401

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HAMID MICHAEL HEJAZI
Plaintiff,

v.

MARK ESPER, Secretary, Department of the Army, UNITED STATES DEPARTMENT OF THE ARMY, Agency; and UNITED STATES EQUAL ~~OPPORTUNITY COMM~~ EMPLOYMENT OPPORTUNITY COMMISSION, Agency.
Defendants.

CIV. NO. 6:19-cv-00149-MK

AMENDED COMPLAINT

---

Dear Judge, your honor,

By this Amended Complaint the plaintiff puts forth the full set of facts and a newly cognizable legal theory, putting forth a valid and legally effective complaint, with the following key points responding to the deficiencies identified in Judge Mustafa T. Kasubhai's Findings and Recomendations, serving the same by mail on the three (3) named Defendants.

Continued 1

1. In the most basic and straightforwardly put manner, attempted here, I'm suing the United States, with the 3 variously named defendents on the docket, for I attempted to enlist in the Oregon National Guard, on August 9th, 2017, or thereabouts, first sending in an online application, and later meeting with a recruiter, and that recruiter denied me further consideration, after having rated my initial application for a medical officer track, on the grounds that I was diagnosed with ADHD after a certain age, and where a potential recruit has such a diagnosis after age 13 there could be no accomodation, the condition being actual, under treatment, abatement, medication, or otherwise remediated or remediatable, or however so, which is discrimination on the basis of disability, which should not be allowed — as military service is federal employment, as per the US constitution, which sets forth there being one national government with a national army, and no state or private person is free to raise any other style of army not under the

continued 2

Command and employment of the Executive Branch of the Fedral Government (ee. Kasubhai, p.9 – re fedral employment.);

2. and as such the Rehabilitation Act of 1973 was violated when no evaluation of Plaintiff's actual abilities were performed, where a labled diagnosis was taken as substantive proof of impairment without even looking at the diagnosis, without taking into consideration that the diagnosis perscribes both legitimate accomodations for employment purposes, but was also intended to grant the plaintiff more time on their law school admission exam, and so referred itself to educational and scholership settings, not to a battle field, or even federal adminstrative setting, and certainly the Rehabilitation Act applies as it applies to all sections of the Executive Branch and Fedral Agencies, and it prohibits federal agencies, like the Department of the Army, from blanket exclusions that disallow a class of persons so disabled, from ever being considered whatsoever, as there are plenty of jobs in the National Guard that

continued 3

disabled persons can and so should be allowed to equally compete for, etc.

3. and all administrative remedies were exhausted (contrary to Kasubhai), for such a Rehabilitation Act complaint, as per EEOC Office of Fed Operations Appeal No. 0120081940, Agency No. L1639280-01, a "class action" rightly filed, denied, sent for reconsideration, and denied finally with a right to sue letter issued,

4. and so this is a ripe class action, properly filed,¹

5. wherefore, 5 USC §706 (706) was violated in that,

    a) the "reasonable probability standard" (Kasubhai p. 8, Line 2) of a risk in employment is a bad defense where there is no way to know anything about a clinical presentation, other than by vast and obtusly discriminatory stereotyping, can we ever say, based on a diagnosis alone, now without

Contined -4

---

¹ Verified by EEOC Office of Fedral Operations, ALJ Dept.

reference to the diagnosis formulation itself, which would be historically such that only with reference to actual ability, meaning with any actual aptitude assessment, a diagnostic formulation designed to test for capacities and tendencies in a person's mental and personal profile, based upon the essential duties or functions of the position for which the disabled (or potentially-disabled) person, for we are all differently abled, was applying, function by essential fnc.

b) thus the biasing prediction relied upon by Kasubhai, that "the diagnosis would significantly [Emphasis underline added] interfere..." P.B. Line 3, is indefensible – for,

6. Doctors in the military may serve, even if their profile lines up with the 'diagnosis' of ADHD, as we know doctors work with that diagnosis — see Dr. Gabor Matte, famous Vancouver, BC physician, self-identified ADHD diagnosed person.

continued #5

7. thus, because the US government, Department of the Army, Mark Esper acting as secretary, and the federal EEOC, having agreed with the agency, all did, in violation of:

   a) the (V) 5th Amendment, depriving me of life, liberty, and property, by making me into a second class person, without the right to be at least elligable for consideration of my actual aptitude, regardless of what someone may have said was true about me after age 13, or at-least in regards to that diagnosis determination of subtability for treatment, accomodations, and employment/scholastic pursuits, by giving me no equal protections to those found in the Rehabilitation Act, or other federal sector or other public/private sector anti-disability discrimination using the EEOC definition of what

continued to

constituted unlawful disability discrimination in employment! — and military service, which this Plaintiff is trying to have the federal government agree to adopt, addressing the EEOC denial on the basis of non coverage of military servicemembers — which would violate Amend. 5.

b) and the XIV (14th) Amend.; whereby the United States has created a group, and I say for "class Action" purposes, that group is all persons with disorders where the Army is unwilling to evaluate capacity and ability of persons once the diagnostic label is known, and said that such group shall be systematically excluded from national service, and equal employment opportunity.

8) thus meriting that this case proceed on the damages caused to this plaintiff, and their class, regardless of the Oregon statutory exclusion.

continued to 7

for being denied lawful consideration for recruitment, thus a valid suit is here amended,

9) damages being set at lost earnings, opportunities pain, suffering, wholesale isolation, exclusion, systematic discrimination, — all on a nation-wide class-action basis, to the tune of

$50,000,000.00 (fifty million), or what the court/jury deems appropriate.† — extended out to all affected in the class — inclusive of the (past) (previous) 10 years in army recruitment by the DoD.

Respectfully submitted,
for the Republic.

Dated: July 9, 2019

*[signature]*

Hamid Michael Hijozi

† ongoing is a US Air force EEOC complaint for a similar set of facts — this time denying recruitment for the, quote, whole psychiatric profile, without knowing any ability into.

Proof of service next.

Continued 🡒 8

# PROOF OF SERVICE

I, Hamid Michael Hejozi, Plaintiff, had a ~~copy~~ copies of my July 9, 2019 Civ No. 6:19-cv-00149 Amended complaint. sent by US mail, to the following addresses:

1. Mark Esper
   Secretary of the Army
   1000 Defense Pentagon
   Washington, DC 20301-1000

2. Department of the Army
   114 Army Pentagon
   Washington, DC 20310

3. Equal Employment Opportunity Commission
   131 M St. NE
   Washington, DC 20002

Dated, July 9, 2019

Signed,

*Michael* [signature]

Hamid Michael Hejozi

End. P 9

Hamid M. Hejazi
General Delivery
50 W 5th Avenue
Eugene, OR 97401

FILED 11 JUL '19 10:39 USDC-ORE

United States District Court
   District of Oregon
Clerk's office
2100 United States Courthouse, ste 2100
405 East 8th Avenue
   Eugene, OR 97401